# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:18-cv-00249-MR

| | |
|---|---|
| ANNETTE M. DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW SAUL, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Judgment on the Pleadings [Doc. 13].

## I.  PROCEDURAL HISTORY

The Plaintiff, Annette M. Davis ("Plaintiff"), filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act"), alleging an onset date of May 14, 2013. [Transcript ("T.") at 224, 229]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 95, 104]. Upon Plaintiff's request, a hearing was held on December 20, 2016 before an Administrative Law Judge ("ALJ"). [T. at 43-72]. On February 28, 2017, the ALJ issued a written decision denying the Plaintiff

benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the application date, October 31, 2013. [T. at 11-31]. The Appeals Council denied the Plaintiff's request for review on March 13, 2018, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 1-6]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability.

20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

5

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the date of her application date, October 31, 2013. [T. at 16-17]. At step two, the ALJ found that the Plaintiff has severe impairments, including fibromyalgia, panica attacks, major depressive disorder, and anxiety. [T. at 17]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [T. at 17-19]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except the [Plaintiff] could frequently balance, stoop, kneel, crouch, crawl, or climb stairs. She could occasionally climb ladders, but must avoid concentrated exposure to extreme cold and hazards such as heights or machinery. She could perform simple, routine, and repetitive tasks in a stable environment at a non-production pace. The [Plaintiff] would be off task nine percent of an eight-hour workday.

[T. at 19].

At step four, the ALJ identified Plaintiff's past relevant work as a cleaner and cashier. [T. at 24]. The ALJ observed, however, that the Plaintiff is "unable to perform any past relevant work as actually or generally performed." [Id.]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and

6

RFC, Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including parking lot cashier, storage facility rental clerk, and labeler. [T. at 24-25]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from October 31, 2013, the application date, through February 28, 2017, the date of the ALJ's decision. [T. at 25-26].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ erred in failing to acknowledge or weigh the opinion of the consultative psychological examiner, David Brantley, III, Psy.D., as required by the regulations in the absence of a controlling opinion by a treating physician. [Doc. 12 at 14-16].

In making disability determinations, the Regulations require ALJs to consider all medical opinions of record, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); SSR 06-03p (The ALJ must "consider all of the available evidence in the

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

7

individual's case record in every case."). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a plaintiff's] impairment(s), including [the plaintiff's] symptoms, diagnosis and prognosis, what [the plaintiff] can do despite impairment(s), and [the plaintiff's] physical and mental restrictions." 20 C.F.R. § 404.1527(a)(1). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

Generally, more weight will be given to an opinion of a medical source who has examined the claimant than to a non-examining source. 20 C.F.R. § 404.1527(c). Further, more weight will generally be given to opinions from a claimant's treating sources than from sources rendering an opinion based upon a single or limited examination of a claimant. Id. Where a medical source renders treatment or evaluation solely for the Plaintiff's need to obtain a report in support of a disability claim, the medical source is not considered a treating source. 20 C.F.R. § 404.1527(a)(2). If controlling weight is not given to a treating source's medical opinion, the ALJ must weigh all medical opinions of record. See 20 C.F.R. § 404.1527(c).

Here, the Plaintiff contends remand is required because, when the ALJ undertook to ascertain the Plaintiff's impairments, the ALJ failed to evaluate and weigh the opinion of Dr. Brantley, the psychological consultative examiner. Dr. Brantley evaluated the Plaintiff on April 17, 2013 and prepared a seven-page single-spaced evaluation report. [T. at 428-34]. Dr. Brantley opined that the Plaintiff is capable of understanding, retaining, and following instructions except during the instances when she is impaired by severe anxiety. [T. at 433]. Dr. Brantley also made the following relevant findings and conclusions:

> [Plaintiff's] ability to concentrate well enough to perform simple repetitive task [sic] can also be impaired by stress, which triggers anxiety. Psychologically, given her history and presentation, it is believed her ability to tolerate the stress and pressures associated with day-to-day work activity is currently impaired. Her ability to relate well with fellow coworkers and supervisors seems to be within normal limits under normal conditions, but can deteriorate under stress.

[T. at 433-34].

Nowhere in the decision does the ALJ mention, discuss, cite, or even allude to Dr. Brantley's evaluation. As such, the Court cannot discern from the ALJ's decision whether he even considered Dr. Brantley's evaluation, much less what weight, if any, was afforded to it. "The RFC assessment must always consider and address medical source opinions. If the RFC

9

assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p. As a result of this failure to properly consider and evaluate the opinion of Dr. Brantley, the Court cannot say that the ALJ arrived at a mental RFC that was supported by substantial evidence. This failure to weigh and evaluate a medical source opinion requires remand.

Compounding the failure to address Dr. Brantley's evaluation, the ALJ also fails to identify any medical opinion to which any significant weight was given that would support the mental RFC determination. The ALJ found as follows with respect to the State Agency psychological consultants' medical opinion evidence:

> As for the opinion evidence, at the initial level, Nancy Lloyd, Ph.D., a non-examining State agency psychological examiner, opined there was not sufficient evidence to make a decision on the claim. Nancy Herra, Ph.D. the non-examining State agency psychological consultant at the reconsideration level, agreed with Dr. Lloyd. The undersigned <u>gave no weight</u> to these opinions because evidence received at the hearing level, which consultants did not have the opportunity to review, is sufficient to make a determination.

[T. at 22 (emphasis added)]. Further, the ALJ's discussion of the remaining opinion evidence fails to explain how the RFC accommodated the Plaintiff's

mental impairments. The ALJ assigned weight to only one other opinion, the Plaintiff's therapist, as follows:

> Lillie Jacobs, LCSW, the [Plaintiff's] therapist, submitted a Mental Residual Function Capacity assessment in September 2013. Ms. Jacobs opined the [Plaintiff] would be unable to meet competitive standards of unskilled work and would likely miss more than four days of work per month. The undersigned <u>gave little weight</u> to Ms. Jacobs' opinion because it is inconsistent with the [Plaintiff's] conservative treatment and stated abilities. The opinion is further inconsistent with Ms. Jacobs' own treatment notes, which show the [Plaintiff] reported caring for her parents and increased participation in church and choir activities. Moreover, the opinion appears to rely on the [Plaintiff's] subjective complaints and the undersigned finds that is not well-supported by the objective evidence.

[T. at 23 (emphasis added)].

The ALJ's narrative fails to reconcile the weight purportedly assigned to the various medical opinions and the RFC. Further, the ALJ accorded no opinion from a medical source in the Plaintiff's record "persuasive weight," "great weight," "greatest weight," or "controlling weight," such that it would support his mental RFC determination. The only medical source opinion to be given *any* weight was the ALJ's determination that Plaintiff's therapist, Lillie Jacobs, opinion would be given "little weight, because it is inconsistent with the [Plaintiff's] conservative treatment and stated abilities." [T. at 23]. As such, neither that opinion nor any other opinion in the record was considered

11

by the ALJ to be of sufficient weight to support his assessment of the Plaintiff's mental RFC. Thus, the Court is left to guess how the ALJ arrived upon his conclusions.

For all these reasons, the Court cannot say whether the ALJ properly assessed the Plaintiff's RFC. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 & n. 1 (4th Cir. 2017) ("[B]ecause we cannot review the ALJ's mental-impairment evaluation, we cannot say that he properly assessed [plaintiff's] RFC. And because we cannot gauge the propriety of the ALJ's RFC assessment, we cannot say that substantial evidence supports the ALJ's denial of benefits.").

In light of this decision, Plaintiff's other assignments of error need not be addressed at this time but may be addressed by her on remand.

## VI. CONCLUSION

For the reasons stated, remand is required. On remand, the ALJ shall properly weigh all medical opinions, including but not limited to the medical opinion of the consultative psychological examiner, Dr. Brantley, as more fully set forth in this opinion and in accordance with 20 C.F.R. § 404.1527.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** and the Defendant's Motion for

Judgment on the Pleadings [Doc. 13] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

    **IT IS SO ORDERED.**

Signed: September 6, 2019

Martin Reidinger
United States District Judge